ent, v. KNICKERBOCKER ICE COMPANY, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

TOWN OF HARTFORD, Respondent, v. TRUMAN D. TOWNSEND, Appellant.— Order unanimously affirmed, with ten dollars costs and disbursements.

Before STATE INDUSTRIAL BOARD, Respondent. SARA TANNENBAUM, Respondent, v. PERFECT TAILORING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. RICHARD THOMAS, Respondent, v. E. HAMBURGER AND COMPANY and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence of the material fact found by the Board that claimant had a concussion of the brain. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. NORMAN D. VINCENT, Respondent, v. OTIS ELEVATOR COMPANY and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that the finding that the claimant at the date of the accident was suffering from a tubercular condition, which became activated by the accidental injury, was based upon certain notes interpreting X-ray pictures made by a physician who was not called to verify the pictures or the notes, and was, therefore, grounded upon other than legal evidence. All concur.

WEST END TRUST COMPANY, as Trustee, etc., Plaintiff, v. OGDENSBURG STREET RAILWAY COMPANY and Others, Defendants, Impleaded with CITY OF OGDENSBURG, Respondent. OGDENSBURG POWER AND LIGHT COMPANY, Appellant.— Order unanimously affirmed, with ten dollars costs and disbursements.

Before STATE INDUSTRIAL BOARD, Respondent. OTIS R. WOLEVER, Respondent, v. ROCK SALT CORPORATION and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, to adjust the disability awards in accordance with the statute in effect at the time of the accident,* and also to adjust the award for facial disfigurement, so that the maximum will not exceed the amount permitted by law. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. HENRY WRIGHT, Respondent, v. READ-CODDINGTON ENGINEERING COMPANY and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that the evidence fails to show total disability of claimant during all the time for which he has been awarded compensation. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. SAMUEL J. WALTERS, Respondent, v. WALTERS & BROWN and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. WALLACE WARNER, Respondent, v. CHARLES LAMBERT, Defendant. MARY E. (MRS. CHARLES) LAMBERT, Appellant.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that no notice of claim was ever filed against Mary E. Lambert, and in any event the claimant was an independent contractor. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. CATHERINE WARNER, Respond-

---

* Accident happened on March 24, 1917.—[REP.